Chief Justice Robertson,
delivered the opinion of the court.
Wyat sold and conveyed to Worley, a tract of land, in Adair county, and took a mortgage on the land, as security for the consideration.
Worley sold the land to Forgey, and gave him a bond for the legal title. Forgey was a citizen of Tennessee; Worley resided in Adair county, Kentucky.
In 1808, (sometime after Forgey had bought the land) Nelson, who resided in Adair county, wrote to him, a ■letter, describing the condition of the title; and the fact -that Wyat would enforce his lien; and also proposing to buy the land. Ilis proposition was to take “it as it lies.” In 1809, Forgey came to Kentucky, and sold the land to Nelson, for §'750. He took from Nelson a receipt, acknowledging that Nelson had received his claim to the tract of land, “without recourse,” for $750 assumed to be paid for it.
In 1814, Nelson gave his promissory note to Forgey, for $104, as the amount then due for the land, all the consideration therefor, except that sum, having been paid in the meantime.
Forgey having obtained a judgment oh this note, Nelson tiled a bill in chancery, to injoin it, for an alleged want of title in Forgey, to the land. The injunction was accordingly granted.
Forgey, in his answer,-insisted that he had not made himself responsible for title; and that Nelson knew more about the title than he did, when he made the contract with him, for the land. He also stated that he assigned tó Nelson the bond on Worley, for a title, and a mortgage executed by Worley to him, (Forgey) on á slave and some town lots, for securing the title.
In amended bills, Nelson alleged that Forgey had fraudulently concealed from him, the fact, that Worley had only an equitable right to the lots; and averred that he (Nelson) had, to secure the title, purchased the right *570 of Wyat; and, therefore, he prayed for a rescisión of the contract.
Parties to a chancing bargain must bar<1ainytheir s ‘
Forgey denied the imputed concealment, and answered substantially as he had done, in his answer to the original bill.
Nelson 'then alleged that !he inferred, from fact8 which he stdted, that his contract with Forgey had never been “reduced to writing;” and, therefore, he insisted on the statute''of frauds and perjuries.
Forgey responded, that he assigned the title bond and the mortgage, by writing.
No proof was taken, which could materially affect ■the rights of the parties as exhibited by'the bills'and answers. Neither the bond for a title nor the mortgage was exhibited. Nor does it appear whether Worley had or had not the legal title to the mortgaged lots; nor whether any attempt had ever been made to enforce the mortgage; nor does it appear whether or not, Nelson, had-ever been disturbed in the possession of the land; nor'Whether or not, Wyat had ever attempted to foreclose his.mortgage on the land.
On the final hearing, the circuit court dissolved the •' injunction, with fen per cent, damages, and dismised the ■ bill with costs.
We perceive no error in this decree. There is no ■proof of fraud by either false suggestion, or by suppression of the truth.
The contract was what is called “a chancing bar•S£*‘ru” Forgey was not, therefore, bound to make a ti-tie; nor was he responsible for the title. This is abundantly evinced by the letter from Nelson, in 1808; by his receiptin-1809; and by the fact, that before 1814, he had .paid the-whole of the consideration except $104, and in August, 18l4,'gavehis note for'that balance.
We are inclined to think that the contract was in writing, as stated in the answer of Forgey. Wé are bound to infer that Nelson had possession of the title bond and of the mortgage by Worley. They viere not. produced* Nelson does not charge, that tile-contract was not in writing; he is disposed only to infer that it was not. And this never occurred to'him until it was con *571 sidered convenient, as an ultimate and only resource. Besides, the receipt executed in 1809, contains a memorandum of the contract. The statute will not, therefore, be availing.
It obligor, irb* tract for"' land,is willing to com-^hanceUor1’ will not biL cause it is yerbal.,
Monroe, for appellant; Cunningham, for appellee.
If the contract had been only verbal, the chancellor should not, on that ground alone, have decreed a re-seision, because Forgey was willing and anxious that it should be observed; and there was no attempt to show that Nelson had sustained or could suffer-anyin-jury, in consequence of1 a want of a-written contract.
It does not appear that there was any necessity for the alleged purchase of Wyat’s title, by Nelson; nor has it been shown or even suggested, that the mortgage, by Worley, could hot, if necessary, have been enforced, as an ample indemnity.
Under all these circumstances, no semblánce of equr-. ty remains to Nelson.
Wherefore, the decree of the circuit court is affirmed,.